IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Rachel Luebrecht,** *on behalf of herself and all others similarly situated,* | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| | ) Civil Action No. |
| v. | ) <br> ) |
| **The Boeing Company,** | ) <br> ) |
| **Defendant.** | ) |

**VERIFIED COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT &
THE MISSOURI MINIMUM WAGE LAW**

**COMES NOW** Plaintiff Rachel Luebrecht (hereinafter "Ms. Luebrecht"), on behalf of herself and all others similarly situated, by and through undersigned counsel, and for her Complaint against The Boeing Company (hereinafter "Boeing" or "Defendant"), states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this action against Defendant under federal and state law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 *et seq.*

2. Plaintiff brings this action against Defendant for unpaid overtime compensation, and related penalties and damages.

3. Defendant's payroll policies and practices were and are in direct violation of the FLSA, 29 U.S.C. § 201, *et seq.*

Doc ID: 872cc2c6d406b2d984e53ad8079afce2cbfee00b

4. Defendant's payroll policies and practices were and are in direct violation of the MMWL, Mo. Rev. Stat. § 290.500 *et seq.*

5. For said violations, Plaintiff seeks declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; as well as attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6. Plaintiff Rachel Luebrecht is an adult resident of Saint Louis, Missouri.

7. Defendant The Boeing Company is a Delaware-based corporation licensed to do business in the State of Missouri and may be reached for service through its registered agent, CSC Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under Missouri state law are so related to Plaintiff's claims under federal law that they form the same case or controversy, pursuant to Article III of the United States Constitution.

10. Defendant transacts substantial business in the state of Missouri, employs citizens of the state of Missouri, and is registered and subject to service of process in Missouri. Therefore, this Court has personal jurisdiction over Defendant.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all, or a substantial part, of the events giving rise to Plaintiff's claims occurred in this District.

Doc ID: 872cc2c6d406b2d984e53ad8079afce2cbfee00b

## **COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff brings this Complaint as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all assembly and flight operations mechanics who were employed by Defendant for the period of three years prior to the commencement of this action to the present, who work or worked more than forty hours in a work week, and who are or were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

13. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff, because her claims are similar to collective action members and putative collective action members.

14. Specifically, Plaintiff and putative collective action members are similarly situated because they work or worked as employees for Defendant, they were paid on an hourly basis, they worked a Monday through Friday schedule, and they were offered overtime hours on Saturdays.

15. Moreover, Plaintiff and putative collective action members are similarly situated because they are or were denied the statutorily required overtime premium for the hours worked on Saturdays, based on Defendant's practice, policy, or scheme of refusing to pay an overtime premium for Saturday work.

Doc ID: 872cc2c6d406b2d984e53ad8079afce2cbfee00b

## FACTUAL BACKGROUND

16. Defendant The Boeing Company is a global aerospace and defense corporation, headquartered in Arlington, Virginia, that designs, manufactures, and sells commercial airplanes, military aircraft, satellites, missile systems, and space exploration technology.

17. At its 6300 James S. McDonnell Blvd. location in Berkeley, Missouri, Boeing primarily conducts operations related to its Defense, Space & Security division; this facility specializes in the design, manufacturing, and support of various aerospace and defense products, including military aircraft, missiles, munitions and spacecraft.

18. Plaintiff Rachel Luebrecht worked for Boeing at its Berkeley, Missouri plant as an Assembly Mechanic from on or about July 2014 through December 23, 2024.

19. Ms. Luebrecht was paid on an hourly basis for her work with Boeing

20. As of her last day of work for the company, Ms. Luebrecht's rate of pay was $38.56 per hour.

21. Boeing employs well over a thousand assembly mechanics and a similar number of flight operations mechanics at its Berkeley, Missouri plant in the assembly of military aircraft, missiles, munitions and spacecraft.

22. Boeing pays its assembly mechanics and flight operations mechanics on an hourly basis.

23. Boeing operates its assembly operations in three eight-hour shifts, Monday through Friday.

24. Boeing also operates certain shifts on Saturday and Sunday, depending on the seasonal workload.

Doc ID: 872cc2c6d406b2d984e53ad8079afce2cbfee00b

25. In order to staff its Sunday shifts, Boeing offers its mechanics overtime work on a strictly voluntary basis and compensates the mechanics at double their standard rate for this work.

26. Boeing's Saturday shifts are also staffed on a mostly voluntary basis, although some special projects occasionally require that mechanics work mandatory shifts on Saturday.

27. For Saturday shifts, however, whether voluntary or mandatory, mechanics are paid straight time plus a $4 shift differential, without any overtime premium

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

28. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

29. At all relevant times, Defendant was acting as an "employer" and an "enterprise" engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

30. At all relevant times, Defendant "employed" Plaintiff and all other similarly situated employees, within the meaning of the FLSA, 29 U.S.C. § 203(e)(2)(C).

31. The FLSA requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

32. At all relevant times, Plaintiff and all similarly situated employees were non-exempt employees, subject to the FLSA, 29 U.S.C. § 213.

33. At all relevant times, Plaintiff and all similarly situated employees were subject to Defendant's policy and practice of compensating its employees for overtime work on Saturdays at straight time plus a shift differential rather than at one and one-half the regular rate of pay for work performed in excess of forty hours in a work week as required under the FLSA.

Doc ID: 872cc2c6d406b2d984e53ad8079afce2cbfee00b

34. During the relevant period, Plaintiff and all similarly situated employees, regularly worked more than forty hours in a workweek.

35. During the relevant period, Defendant willfully failed to pay Plaintiff and all similarly situated employees an overtime premium for their overtime hours worked on Saturdays.

36. As a result of Defendant's failure to compensate Plaintiff and all similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the FLSA, 29 U.S.C. §§ 207(a)(1), (j).

37. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## COUNT II—VIOLATION OF THE MISSOURI MINIMUM WAGE LAW

39. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

40. At all relevant times, Defendant was an employer, pursuant to the MMWL. Mo. Rev. Stat. § 290.500(4).

41. At all relevant times, Plaintiff and all other similarly situated employees were covered employees, pursuant to the MMWL. Mo. Rev. Stat. § 290.500 (3)

42. The MMWL requires employers, including Defendant, to pay employees for hours worked over forty in a work week "a rate not less than one and one-half times the regular rate at which he is employed." Mo. Rev. Stat. § 290.505 (1).

43. Defendant has willfully failed and refused to pay its employees, including Plaintiff, an overtime premium equivalent to one and one-half times their regular rate of pay

Doc ID: 872cc2c6d406b2d984e53ad8079afce2cbfee00b

    whenever these employees work overtime hours on Saturdays.

44. As a result of Defendant's failure to compensate Plaintiff and all those similarly situated at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the MMWL, Mo. Rev. Stat. § 290.505 (1).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Rachel Luebrecht, on behalf of herself and all others similarly situated to her, prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the MMWL;
2. Pre-judgment interest, as provided by law;
3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;
4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;
5. Designation of Rachel Luebrecht as Representative Plaintiff of the collective in this FLSA representative action;
6. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Doc ID: 872cc2c6d406b2d984e53ad8079afce2cbfee00b

Respectfully submitted,

s/*Philip E. Oliphant*
Philip E. Oliphant, Bar Number: 25990(TN)
THE ROLWES LAW FIRM
1951 Mignon Avenue
Memphis, TN 38107
901.830.4663 (voice)
901.979.2499 (fax)
poliphant@rolweslaw.com

Edward J. Rolwes, Bar Number: 51522(MO)
THE ROLWES LAW FIRM
2333 South Hanley Road, S. 104
St. Louis, MO  63144
314-806-9626 (voice)
314-472-0900 (fax)
erolwes@rolweslaw.com

*Attorney for Plaintiff*

Doc ID: 872cc2c6d406b2d984e53ad8079afce2cbfee00b

## DECLARATION AND VERIFICATION

      I, **Rachel Luebrecht,** verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Rachel Luebrecht**
Date: 03 / 03 / 2025

9

Doc ID: 872cc2c6d406b2d984e53ad8079afce2cbfee00b



Audit trail

| | |
|---|---|
| Title | 250303 [] Luebrecht - Verified Complaint |
| File name | 250303 [] Luebrec...ied Complaint.pdf |
| Document ID | 872cc2c6d406b2d984e53ad8079afce2cbfee00b |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

## Document History

**SENT**
03 / 03 / 2025
13:15:05 UTC-6

Sent for signature to Rachel Luebrecht (rachel.luebrecht1@icloud.com) from philip.oliphant@att.net
IP: 2600:1700:6e98:a00:dad:43c7:d19f:c582

**VIEWED**
03 / 03 / 2025
15:12:09 UTC-6

Viewed by Rachel Luebrecht (rachel.luebrecht1@icloud.com)
IP: 68.126.194.196

**SIGNED**
03 / 03 / 2025
15:12:29 UTC-6

Signed by Rachel Luebrecht (rachel.luebrecht1@icloud.com)
IP: 68.126.194.196

**COMPLETED**
03 / 03 / 2025
15:12:29 UTC-6

The document has been completed.

Powered by Dropbox Sign